CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 14 2014

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOHN PATRICK DONOHUE, | ) | CASE NO. 7:14CV00157 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| SGT. L. R. COLLINS, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendants. | ) | |

John Patrick Donohue, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that prison officials at Red Onion State Prison placed him in a stripped cell and failed to feed him. Upon review of the record, the court finds that the action must be summarily dismissed.

## Background

Taking Donohue's allegations as true, he presents the following sequence of events relevant to his claims. On May 20, 2013, Red Onion Officer Quillan[1] accused Donohue of holding his breakfast tray and, for that reason, refused to provide the inmate his lunch or dinner trays.[2] Donohue states that after not receiving his dinner meal, around 5:20 p.m., he "completely flooded C-5 pod out and covered [his] window," but the officers still did not give him his dinner meal. (Compl. 5, ECF No. 1.) Sgt. Collins, an officer on the next shift who cleared the water from Donohue's cell, wrote an institutional charge against Donohue for stopping up his toilet and

---

[1] In the complaint, Donohue spells this officer's name as Quillan, so the court will use this spelling, although the name is sometimes spelled Quillen in grievances and responses.

[2] Donohue states that according to his medical records, he has lost 20 pounds in 8 months and 8 pounds in one month while at Red Onion. In August 2013, he complained to medical staff that he was malnourished and underweight and needed a doctor's order to receive double portions or dietary supplements. The doctor noted, however, that in his opinion, Donohue was "within [his] ideal weight parameters." (ECF No. 5, at 2.)

causing the flood.[3] Collins also allegedly contaminated the cell with OC gas and dragged Donohue's property through the water to a table in the pod. Collins and other officers then placed Donohue in the cell with only his boxer shorts and flip flops on strip cell status for 24 hours. When Collins removed Donohue from the strip cell, he moved the inmate to another "stripped out cell used for strap down," and that day Quillan would not give Donohue his dinner meal. (Compl. 6.)

Donohue asserts that these events were cruel and unusual, and violated his Eighth Amendment and Due Process rights. He sues Quillan for failing to feed him, Collins and Miller for assigning him to strip cell status, and the other officers for failing to intervene. He sues the warden for "allow[ing] and condon[ing] for his staff to goat [sic] prisoners to act out to be written up so inmates like [Donohue] will stay in segregation just to keep the bed space full."[4] (Id.)

## Discussion

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). A "frivolous" claim is one that "lacks an arguable basis either in law or in fact," because it is "based on an indisputably meritless legal theory" or on "factual contentions [which] are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)). To state a cause of action under § 1983, "a plaintiff must allege the

---

[3] Donohue asserts that this disciplinary charge was "falsified," because Collins was not present when the pod flooded. (Compl. 5.) This accusation has no basis in fact. Donohue admits that he caused the flood, and Collins, standing in Donohue's flooded cell, was certainly in a position to state, from personal knowledge, that Donohue's clogging of his cell toilet had caused the flood.

[4] Donohue states that "the only way the [officers] can get me to act out and flood and cover my window is by denying me food[. D]o you really think I would act out for no reason when the first 3 years here I was charge free . . .?" (Compl. Ex. B., ECF No. 1-1.)

2

violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted).

The Eighth Amendment protects prisoners from cruel and unusual living conditions, but "restrictive and even harsh" conditions that do not inflict harm "are part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A claim of unconstitutional conditions requires a two-part showing: that the prison official acted with deliberate indifference (subjective component) to a substantial risk of harm (objective component). Hudson v. McMillian, 503 U.S. 1, 5 (1992). To prove deliberate indifference, the inmate must show that the official was aware that a substantial risk of harm existed, that he actually drew that inference and disregarded the risk by failing to take "reasonable measures" to alleviate it. Farmer v. Brennan, 511 U.S. 825, 835-37(1994). An alleged harm satisfies the objective component only if it offends "contemporary standards of decency." Hudson, 503 U.S. at 8. The inmate must provide "evidence of a serious or significant physical or emotional injury resulting from the challenged conditions." Shakka v. Smith, 71 F.3d 162, 166 (4th Cir.1995) (internal quotations and citations omitted).

Donohue's allegations about strip cell status on May 20-21, 2013 simply do not give rise to any claim of constitutional dimensions. Donohue does not allege that the temporary deprivation of his outer clothing, personal property, and having OC gas in the cell,[5] along with missing three meals, caused him any physical harm or that the defendants knew of any

---

[5] Donohue asserts that Collins contaminated his cell with OC gas while cleaning out the water, but does not state any facts in support of this conclusory assertion; he does not allege, for example, that he saw Collins spray OC gas in the cell. Furthermore, Donohue does not allege that he came into contact with OC spray at any time on May 20, 2013, or otherwise suffered any injury from its alleged presence in his strip cell.

3

substantial risk of serious harm posed by these conditions.[6] Thus, Donohue's allegations fail to meet either facet of his Eighth Amendment claim. Moreover, the court cannot find that prison officials violated contemporary standards of decency by imposing strip cell conditions on Donohue as a control mechanism, after he admittedly flooded the entire pod, disrupted dinner service for inmates and staff, and then covered his window in violation of prison regulations.[7] See, e.g., Holley v. Johnson, 7:08CV00629, 2010 WL 2640328, at *11-13 (W.D. Va. June 30, 2010) ("In response to an inmate's admittedly disruptive misconduct, a temporary limitation of an inmate's access to hygiene products, bedding, eating utensils, and freedom of movement, which causes the inmate no physical injury other than temporary discomfort and embarrassment, simply cannot qualify" as violative of contemporary standards of decency).[8] For these reasons, the court is satisfied that the circumstances of which Donohue complains do not provide a factual basis for an Eighth Amendment violation arising from unconstitutional conditions and will dismiss these claims under § 1915A(b)(1) as frivolous.

Donohue's due process claim must also be dismissed as frivolous. The due process inquiry is whether the alleged conditions imposed on Donohue while on strip cell status "imposed such an atypical hardship on [him] *vis a vis* ordinary prison life that [he] possessed a liberty interest in avoiding it." Beverati v. Smith, 120 F.3d 500, 502-03 (4th Cir. 1997)

---

[6] Even if Donohue could prove that officers have occasionally denied him meals and that he has lost some weight at Red Onion, simple weight loss of the sort he alleges does not satisfy the "serious or significant injury" requirement of an Eighth Amendment claim regarding prison conditions. Shakka, 71 F.3d at 166; White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1993) (affirming dismissal of inmate's claim as frivolous, when he complained about receiving only two meals per day during weekends, because inmate alleged no significant resulting injury).

[7] The court notes that Donohue's indignation at Quillan's alleged refusal to feed him meals does not excuse the inmate's flouting of prison rules.

[8] See Holley, 2010 WL 2640328 at *11-13 (finding that inmate held in ambulatory restraints (shackles and handcuffs connected by waist chain) for two days in a cold cell without adequate clothing, bedding, eating utensils, toilet paper, soap, other hygiene products, or running water, but with no serious resulting injury, did not violate contemporary standards of decency so as to violate Eighth Amendment).

4

(applying Sandin v. Conner, 515 U.S. 472, 483-84 (1995)). Donohue makes no such showing. His allegations indicate that officers merely removed his property, except his shoes and boxers, and put him back into the same cell. Finding no facts indicating that being on strip cell status on a temporary basis, as Donohue was, imposes any atypical hardship compared to ordinary prison life at Red Onion, the court concludes that Donohue had no federally protected liberty interest in avoiding that status.[9] As such, he had no constitutional right to notice or a hearing before being placed in it, and the court will summarily dismiss his due process claim under § 1915A(b)(1) as frivolous.

Based on the court's finding that Donohue has not stated facts on which he could prove any Eighth Amendment or due process violation, the court must also summarily dismiss as frivolous his claims against officers who allegedly allowed, condoned, or failed to intervene to prevent such violations. An appropriate order will issue this day.

## Conclusion

For the reasons stated, the court summarily dismisses Donohue's complaint without prejudice, pursuant to § 1915A(b)(1), as frivolous. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 14th day of August, 2014.

*[signature]*
Chief United States District Judge

---

[9] See Holley, 2010 WL 2640328, at *16 (finding that 24 hours in strip cell status while in ambulatory restraints did not create protected liberty interest under Sandin).